IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

    Plaintiff,

v.                                                                            No. CV 09–711 ACT/WDS

SANTA FE POLICE DEPARTMENT,

    Defendant.

**MEMORANDUM OPINION AND ORDER REMANDING CASE**

THIS MATTER comes before the Court *sua sponte* on its statutory duty to examine Defendant Santa Fe Police Department's Notice of Removal as required by 28 U.S.C. § 1446(c)(4)[1] to ensure that this Court has subject-matter jurisdiction over Plaintiff Nancy Lewis's Complaint. *See* Doc. 1. The parties have consented, under 28 U.S.C. 636(c) and FED. R. CIV. P. 73(b), to have United States Magistrate Judge Alan C. Torgerson conduct all proceedings in this case. *See* Docs. 7, 8.

Nancy Lewis, appearing *pro se* and *in forma pauperis*, filed a "Complaint for Negligence, Harassment, and Brutality" under state law in the First Judicial District Court, Santa Fe County, New Mexico, on April 1, 2009. Doc. 1, Ex. A. She filed a "Superceding, Supplanting Complaint for Negligence, Harassment, and Brutality and Attempted Murder" that adds the "Attempted Murder" claim in the title of the Complaint, on April 30, 2009. Doc. 1, Ex. E (Complaint). Lewis also added an opening paragraph to her original complaint, stating "that officers of the Santa Fe Police Department responded negligently to her complaints of assault and threatening; Chief Eric

---

[1] 28 U.S.C. § 1446(c)(4) provides: The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Wheeler did not respond to Plaintiffs [sic] complaint of this negligence; and other officers harassed and brutalized Plaintiff in an apparent attempt to see her dead or absent the State out of fear for her life." *Id.* at 1. The Santa Fe Police Department was served with the Superceding Complaint on May 18, 2009, the Attorney General was served on May 19, 2009, and the Santa Fe City Clerk was served on June 23, 2009. The Defendant did not file its Notice of Removal until July 22, 2009. It appears, therefore, that the notice of removal was untimely filed, since the Defendant was served with a copy of the Superceding Complaint on May 18, 2009, more than thirty days before it filed the Notice of Removal. *See* 28 U.S.C. § 1446(b) (providing that "[t]he notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action . . . is based . . . ."). As discussed below, however, the Court also lacks subject-matter jurisdiction over Lewis's Superceding Complaint.

In support of her claims of negligence, harassment, brutality, and attempted murder, Lewis alleges that she got into an argument with a "clearly psychotic" temporary resident at a homeless shelter in Santa Fe in December 2008, and that he "verbally and physically" assaulted her. Complaint at 1. She states that the man later verbally "threatened" her, but that the Santa Fe police officers who responded to the shelter's call regarding the man refused to arrest him because the alleged threat was not made in their presence. *Id.* at 1-2. Lewis states that, the next day, she "began encountering her assailant at various places in her travels about Santa Fe and so quickly retrieved her service dog for protection." *Id.* at 2. She called Santa Fe's Chief of Police to complain about "the lack of response of his officers." *Id.* She contends that the shelter and the police officers, along with the "assailant," should be "arrested and charged with abuse." *Id.* at 3. The Chief did not respond to her complaint. *See id.*

Over a month later, on January 12, 2009, Lewis was at another homeless shelter, "the Overflow Shelter," when she got into an argument with Eric, a staff member who accused her of assaulting him when she "grabbed his sweater sleeve" to retrieve a package of meat she had purchased for her dog. *See* Complaint at 3-5. The Shelter called the Santa Fe police, who told Lewis she would have to leave. *See id.* at 5. During the next four nights, Lewis lived on the streets, but every time Lewis took her dog into a convenience store or restaurant that stayed open all night "to purchase coffee and warm up," "within five minutes the police would appear on the scene to grab Plaintiff's collar and push her out the door or tell her to leave." *Id.* at 5.

Lewis returned with her dog to the Overflow Shelter on January 19, 2009, and "attempted to gain entrance," but Eric "refused admittance." *Id.* A police officer arrived, told her "that she was under arrest, grabbed her left arm, twisting it painfully behind her back, and threw her whole body around, and smashed her into a parked car, injuring her already damaged back." *Id.* at 6. The officer charged Lewis with criminal trespass, and she was jailed overnight. *See id.* Lewis requests an undisclosed amount of compensatory and punitive damages "commensurate with the crimes the Santa Fe police committed against her." *Id.*

In its Notice of Removal, the Defendant admits that Lewis "allege[s] various state court claims against Defendant, including negligence and harassment" and that she "has not specifically referred to the United States Constitution or Title 42 U.S.C. § 1983," in her Complaint. Doc. 1 at 2. Defendant contends, however, that "it appears she is *attempting* to state a claim under [§ 1983]," and that her "Complaint, therefore, contains a federal question of which this Court has jurisdiction pursuant to 28 U.S.C. § 1331." *Id.* (italics added). Lewis has not moved to remand her case to state court.

3

28 U.S.C. § 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Cases brought in state court may not be removed to federal court even if a federal defense is anticipated, "even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). The federal court's original subject-matter jurisdiction must "affirmatively appear in the record," and "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting the assertion that" original subject-matter jurisdiction exists and removal is proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (italics in original) (internal quotation marks and bracket omitted). The defendant's notice of removal, along with any attachments, must demonstrate the necessary jurisdictional facts to support federal jurisdiction. *See id.* Here, the Defendant has failed to show the underlying facts that support its assertion that Lewis must have been "attempting" to state a claim for violation of § 1983.

Lewis has not alleged that her federal constitutional rights have been violated by a state actor; nor did she request damages under a federal statute. Because Lewis is the "master of her complaint" and has requested relief only under state law, the Court must presume that she intended to bring her case solely under state law and must honor her decision to file suit in state court. Her case must be remanded because no federal question appears on the face of her well-pleaded Complaint and the parties are not diverse. *See Caterpillar*, 482 U.S. at 392-93; *Gray v. N.M. Military Inst.*, 249 F.2d 28, 30-32 & n.11 (10th Cir. 1957) (reversing judgment and ordering remand in action for negligence that had been improperly removed and where the plaintiff had not moved for remand but contended on appeal that federal court had no subject-matter jurisdiction over improperly-removed case).

The Court notes that Lewis seeks to file a second amended complaint that will add two additional private parties - the Santa Fe New Mexican, and the St. Elizabeth's Shelter - as Defendants, and that she mentions violation of § 1983 in that proposed complaint. *See* Doc. 19 at 1. But the Court must analyze whether a case is properly removed at the time the Defendant files its notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that "[t]he second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal"); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (noting that "the propriety of removal is judged on the complaint as it stands at the time of the removal"). The Court lacked subject-matter jurisdiction over Lewis's Complaint on July 22, 2009, and the case must be remanded to state court. The Court therefore also vacates all orders previously entered in this case. *See RMP Consulting Group, Inc. v. Datronic Rental Corp.*, No. 98-5062, 189 F.3d 478, 1999 WL 617690, *3 (10th Cir. Aug. 16, 1999) (holding that, "[b]ecause

the district court never had jurisdiction over the [removed] case, it had no power to rule on any motions or enter any judgment in the case" and vacating "all post-removal orders entered by the district court").

**IT IS THEREFORE ORDERED** that the orders issued in this case are VACATED; the case is REMANDED to the First Judicial District Court, Santa Fe County, New Mexico, for lack of subject-matter jurisdiction; and the Clerk shall mail a certified copy of this order of remand to the clerk of the State court.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent